NOT DESIGNATED FOR PUBLICATION

No. 128,005

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON DEAN BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Submitted without oral argument. Opinion filed October 24, 2025. Reversed and remanded with directions.

*James M. Latta,* of Kansas Appellate Defender Office, for appellant.

*Brandon D. Cameron,* district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB PETERSON, district judge, assigned.

PER CURIAM: After facing charges in multiple cases, Brandon Brown agreed to enter a plea of guilty to some charges in exchange for dismissal of others. At sentencing, Brown's attorney notified the district court that a communication breakdown had occurred between Brown and appointed counsel, and counsel moved to withdraw and notified the court that Brown also sought to withdraw his plea. After clarifying that counsel believed the communication breakdown to be irreconcilable, the district court determined the request for new counsel was merely a delay tactic without any further inquiry into the nature of the communication breakdown. Brown appeals, claiming the

1

district court failed to adequately inquire into Brown's dissatisfaction with counsel, and this court agrees.

The district court's denial of the motion to withdraw counsel is reversed and remanded with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, the State charged Brown with felony distribution of methamphetamine and misdemeanor possession of drug paraphernalia in Case No. 22CR341. An attorney was appointed to represent Brown, but he moved to withdraw less than two weeks later because he was "actively and of necessity closing his practice of law" to assume a magistrate judge position. In December, a new attorney was appointed to represent Brown, and no other attorneys were appointed to represent Brown until this appeal.

Brown entered a plea agreement with the State in which he agreed to plead guilty to felony distribution of methamphetamine. The State dismissed the misdemeanor drug paraphernalia count and all charges against Brown in two other criminal cases—23CR203 and 24CR45. The plea agreement signed by Brown stated, "I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME."

The district court held a sentencing hearing on May 6, 2024. At the beginning of the hearing, the district court asked if the parties were prepared for sentencing. Brown's attorney stated:

> "No, Your Honor. I had a meeting with Mr. Brown earlier today. We had a
> communication [breakdown] in that meeting and Mr. Brown has informed me he would

like me to withdraw as his attorney and to have alternate counsel appointed to represent him."

The district court asked the attorney whether this was something that could not be reconciled, and the attorney stated, "I suppose that's correct, Your Honor. We had a [breakdown] in communication and Mr. Brown informed me he did not want me to represent him anymore." The attorney later made an oral motion to withdraw as counsel to Brown.

The district court asked the State's position on the motion to withdraw. The State objected, stating, "Mr. Brown has done anything and everything he can to delay this" and asserting that Brown's motion was "another one of Mr. Brown's delay tactics." Brown interrupted and accused the county attorney of lying, and the district court admonished Brown for his outburst and told him to be quiet.

The district court noted that there had already been a waiver of preliminary hearing, a plea, and an investigation report. The court continued:

> "I think we're well beyond where normally I would be looking at this. And normally, I grant these motions. I mean, I just rarely don't grant the motions, but I think—I'm really concerned that we need to get this case resolved and I'm really concerned that this is more of a reason, as the State says, to delay the case—I was going to use another term. But bottom line is, I think, you know, we can't just allow things to be continued forever. And Defendant doesn't get to choose his own attorney. You know, that only happens when you hire your own attorney, so—and that's a constitutional rule, so."

In response to the district court, Brown's attorney said, "I think if I'm not allowed to withdraw. . . I know his next request is going to be a motion to withdraw his plea and not proceed with sentencing today. He does not want to proceed on the plea that was entered before." Brown responded that the attorney was correct.

3

Brown's attorney then made an oral motion to withdraw Brown's plea, but the district court said it had not yet ruled on the attorney's motion to withdraw as counsel. The district court subsequently denied the motion for counsel to withdraw.

After consulting with Brown, his attorney then made an oral motion to withdraw the plea. The attorney stated, "[Brown] indicated that, essentially, he's not in favor of the plea at this point; that he would fair [*sic*] better having a jury trial; and that he doesn't feel like he adequately understood the plea at the time that he entered it." The court took judicial notice of the signed plea agreement between Brown and the plea colloquy in which Brown stated, among other things, that he made a knowing and voluntary plea. The court denied Brown's oral motion to withdraw his plea under K.S.A. 22-3210(d)(1) based on a lack of good cause. The district court then sentenced Brown to 44 months in prison in 22CR341, noting Brown's criminal history score of B.

Brown appeals the district court's denial of counsel's motion to withdraw, claiming the district court erred by failing to inquire about the potential conflict.

DISCUSSION

Under the Sixth Amendment to the United States Constitution, Brown has a right to effective assistance of counsel during all critical stages of the criminal proceeding, which includes the sentencing stage. *State v. Pfannenstiel*, 302 Kan. 747, 758, 357 P.3d 877 (2015). However, the Sixth Amendment's guarantee of counsel is not absolute, and it does not guarantee a defendant's right to choose their appointed counsel—nor does it guarantee a meaningful relationship with appointed counsel. *Pfannenstiel*, 302 Kan. at 759; see also *State v. Trass*, 319 Kan. 525, 537, 556 P.3d 476 (2024) (explaining "[t]he right to an attorney is not an unqualified right"). Therefore, a defendant who seeks the appointment of new counsel must show justifiable dissatisfaction with current appointed counsel before substitute counsel is appointed. *Pfannenstiel*, 302 Kan. at 759. "Justifiable

dissatisfaction can be shown through a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication" between counsel and the defendant. *State v. Brown*, 305 Kan. 413, 424, 382 P.3d 852 (2016).

When a defendant makes a statement of attorney dissatisfaction, they """trigger the district court's duty to inquire into a potential conflict"' of interest." *Pfannenstiel*, 302 Kan. at 760 (quoting *State v. Brown*, 300 Kan. 565, 575, 331 P.3d 797 [2014]); see also *State v. Z.M.*, 319 Kan. 297, 305, 555 P.3d 190 (2024). This court reviews "both the adequacy of a district court's inquiry into a potential conflict and its ultimate decision on a motion for new counsel for abuse of discretion." *Z.M.*, 319 Kan. at 299. A judicial action constitutes an abuse of discretion if it is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

The duty to inquire can lead to three errors: (1) the court fails to inquire into a known potential dissatisfaction; (2) the district court's inquiry is lacking or not appropriate; or (3) after conducting an appropriate inquiry, the district court errs in determining whether to substitute counsel. *Pfannenstiel*, 302 Kan. at 760-62. Brown claims the district court erred in the first two manners, making inquiry into the third immaterial here.

*The attorney's oral motion to withdraw triggered the district court's duty to inquire.*

Brown's attorney told the district court that he and Brown had a communication breakdown in their meeting before the sentencing hearing, and that Brown wanted the attorney to withdraw and requested that alternate counsel be appointed. When the court asked whether the communication breakdown was irreconcilable, the attorney said, "I suppose that's correct, Your Honor. We had a [breakdown] in communication and Mr. Brown informed me that he did not want me to represent him anymore." Those

statements triggered the district court's duty to inquire. See e.g., *State v. Coleman*, 318 Kan. 296, 317, 543 P.3d 61 (2024).

While the State agrees the attorney stated that a communication breakdown occurred, it submits that a communication breakdown is not necessarily a conflict of interest. The State contends that this court must ask what *is* a communication breakdown, specifically in the context of a conflict of interest. However, the existence of an actual conflict is not relevant to this court's determination of whether Brown articulated a dissatisfaction or potential conflict triggering the district court's duty to inquire further. See *State v. Prado*, 299 Kan. 1251, 1257, 329 P.3d 473 (2014) (On appeal this court looks "to whether the district court knew or should have known of a *potential* conflict." [Emphasis added.]).

"When a defendant articulates dissatisfaction with counsel, the trial judge has a duty to inquire." *Coleman*, 318 Kan. at 317. A justifiable dissatisfaction with counsel can include a "showing [of] a conflict of interests, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant." *Pfannenstiel*, 302 Kan. at 759-760. The defendant need not prove the dissatisfaction before triggering the district court's duty to inquire, but rather the district court must inquire after being made aware of the potential justifiable dissatisfaction. Brown's attorney did not vaguely allude to issues, difficulty, or dissatisfaction—but stated an irreconcilable breakdown in communication occurred and that Brown wanted alternative representation. Under these circumstances, the district court was notified of a potential conflict between Brown and his appointed counsel that necessitated inquiry.

Having found that Brown effectively articulated a potential justifiable dissatisfaction with appointed counsel—specifically, an irreconcilable communication breakdown which triggered the district court's duty to inquire—this court must determine whether the district court conducted an appropriate inquiry. *Pfannenstiel*, 302 Kan. at 761

6

(Error occurs when a district court becomes aware of a potential conflict but fails to conduct an inquiry, or when the district court investigates the potential conflict but not appropriately.). After Brown's attorney stated that Brown wanted him to withdraw due to an apparent irreconcilable communication breakdown, the attorney said, "I know [Brown's] next request is going to be a motion to withdraw his plea and not proceed with sentencing today." At that point, the court asked the attorney, "So are you withdrawing your motion to withdraw as counsel?" The attorney responded, "No. I understood it that you had denied that motion." The court then explained it had not yet denied the motion to withdraw but based on the State's allegations that the motion was made for the purpose of delay and the record before the court, it would not allow counsel to withdraw.

Although the court heard the State's allegations that Brown's motion was made for the purpose of delay, it did not appropriately inquire into the claimed communication breakdown between Brown and appointed counsel. Brown sought to speak after his attorney stated they had a communication breakdown but was not given an opportunity. It is unclear what information Brown was attempting to provide. Brown's attorney stated the communication breakdown was irreconcilable, but no inquiry occurred regarding the consequence of that breakdown on the representation. When a breakdown in communication has been alleged, the district court "may ask whether the limited communication impeded presentation of the defense." *Coleman*, 318 Kan. at 318. After such inquiry, the court can then consider the "context of the history of the proceedings and the investigation" to evaluate the representation a defendant has received and conclude that a complete breakdown in communication had not occurred. 318 Kan. at 320. Here there was no inquiry into the nature of the breakdown—such as the cause or scope of the problem. The lack of information in the record about the communication breakdown or conflict demonstrates the lack of inquiry—not a lack of justifiable dissatisfaction.

While a criminal defendant may seek to manipulate, impede, or delay proceedings through claims of conflicts with counsel, once the district court is notified of the potential justifiable dissatisfaction, it must reasonably inquire before adjudicating the existence of a conflict. See *Trass*, 319 Kan. at 537 ("While a criminal defendant 'must be provided a fair opportunity to obtain counsel of his or her choice, this right cannot be manipulated to impede the efficient administration of justice.'" [Citation omitted].); see also, *Coleman*, 318 Kan. 296, Syl. ¶7 ("When a defendant articulates dissatisfaction with counsel, the trial judge has a duty to inquire."). The court did not ask Brown's counsel about the nature of the communication breakdown (other than to clarify that the breakdown was irreconcilable) nor did it ask Brown why he felt it was necessary to ask his attorney to immediately withdraw. The court expressed concern about the timing of the request and agreed with the State that it lacked merit—without inquiring about the nature of the communication breakdown.

The State also argues that because Brown and his attorney were able to effectively communicate Brown's desire to withdraw his plea, no justifiable dissatisfaction could exist. The State focuses on whether the transcript demonstrates there was an "actual conflict," and asserts that the district court "could have found that the only *real* conflict was that Defendant was conflicted about serving his prison sentence." This might be relevant evidence for determining whether Brown met the burden to succeed in a motion for new counsel, but it does not demonstrate that Brown was given the opportunity to present a claim of dissatisfaction. See *State v. Wilkerson*, No. 125,570, 2024 WL 3311167, at *6 (Kan. App. 2024), *rev. denied* 320 Kan. 868 (2025) ("[T]he extent of Wilkerson's communications with this trial counsel is a fact for the district court to consider after satisfying its own duty to inquire and not for this court to address for the first time on appeal without such an inquiry below."). Without an appropriate inquiry, this court lacks a complete record to review whether Brown had justifiable dissatisfaction with counsel because Brown was not given the opportunity to establish a record. See 2024 WL 3311167, at *6.

When, as here, there is insufficient record of the potential conflict between the defendant and counsel, the appropriate remedy "'is to remand to the trial court for a determination of whether the defendant can "establish that the conflict of interest adversely affected his counsel's performance."'" *Prado*, 299 Kan. at 1260 (quoting *State v. Vann*, 280 Kan. 782, 792, 127 P.3d 307 [2006]). Brown suggests that this court should direct the district court to appoint a conflict-free attorney to represent him at the hearing on his claim of attorney dissatisfaction. However, that is not the proper next step because it has not been determined whether Brown's counsel was conflicted—that is the purpose of the remand. The defendant "must establish justifiable dissatisfaction with current appointed counsel before substitute counsel is appointed." *Pfannenstiel*, 302 Kan. at 764.

CONCLUSION

The district court's denial of the motion for counsel to withdraw is reversed and remanded. On remand, the district court must inquire into the nature of the communication breakdown between Brown and his attorney so that it can determine whether Brown established justifiable dissatisfaction with appointed counsel.

Reversed and remanded with directions.